IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Tommy Dwayne Brown, ) | C/A No. 8:24-cv-04076-BHH-KFM |
| ) | |
| Plaintiff, ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| P. Wagner, Anderson County, State ) | |
| of South Carolina, ) | |
| ) | |
| Defendants. ) | |
| ) | |

    The plaintiff, a pretrial detainee, proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.  Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court.

    The plaintiff's complaint was entered on the docket on July 22, 2024 (doc. 1). By order filed November 14, 2024, the plaintiff was informed that his complaint (other than his excessive force and unlawful search and seizure claims against Dep. Wagner) was subject to summary dismissal because it failed to state a claim upon which relief may be granted, and that he could attempt to cure the defects identified in his complaint by filing an amended complaint within 14 days (doc. 22).  The plaintiff was informed that if he failed to file an amended complaint or otherwise cure the deficiencies outlined in the order, the undersigned would recommend that his case be dismissed (other than his excessive force and unlawful search and seizure claims against Dep. Wagner) (*id*. at 8–9).  The plaintiff has failed to file an amended complaint within the time provided; accordingly, the undersigned recommends that the plaintiff's claims be dismissed (other than his other than his excessive force and unlawful search and seizure claims against Dep. Wagner).

## ALLEGATIONS

This is a § 1983 action filed by the plaintiff, a pretrial detainee at the Anderson County Detention Center ("the Detention Center") (doc. 1). The plaintiff's claims appear to involve one of his pending charges, a charge for unlawful carry of a pistol. *See* Anderson County Public Index, https://publicindex.sccourts.org/Anderson/PublicIndex/PISearch.aspx (enter the plaintiff's name and 2024A0410200426) (last visited December 13, 2024). The plaintiff also has pending charges for this same time period (although with arrest dates from January through June 2024) for: distribution of methamphetamine, first offense; resisting arrest (indicted); use of 911 unlawfully (indicted); assault and battery second degree (indicted); arson second degree; resisting arrest; harassment second degree (indicted); and possession of a firearm or ammunition. *See* Anderson County Public Index (enter the plaintiff's name 2024A0410100245, 2024A0410900005, 2024A0410900006, 2024A0420100003, 2024A0420100004, 2024A0420100051, 2024A0420100070, 9102P0632257) (last visited December 13, 2024).

The plaintiff alleges that his rights have been violated because he was pulled over by Dep. Wagner and another Deputy (doc. 1 at 3). The plaintiff contends he was then jerked out of the car using excessive force and taken to the Detention Center by Dep. Wagner (*id.*). The next day, Judge Gambrell gave the plaintiff an excessive bail in violation of his Eighth Amendment rights and also violated his Fourth Amendment rights by signing a warrant for the plaintiff's charge of unlawful carry of a pistol (*id.*).

The plaintiff's injuries include a hospital bill because he was previously shot in the chest with a bean bag and had the windows of his house shot out (*id.* at 4). The plaintiff alleges that he has also not been provided medical treatment at the Detention Center on multiple occasions (*id.*). For relief, the plaintiff seeks money damages (*id.* at 5).

## **STANDARD OF REVIEW**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, when this case was filed, the plaintiff was a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

The plaintiff filed the instant action pursuant to § 1983, seeking damages from the defendants. As noted above, because the plaintiff has failed to file an amended complaint within the time provided, the undersigned recommends that the plaintiff's claims be dismissed (other than his other than his excessive force and unlawful search and seizure claims against Dep. Wagner).

### *Younger* Abstention

Liberally construed, it appears that part of the plaintiff's complaint challenges his pending criminal charge for unlawful carry of a pistol, because the plaintiff challenges the traffic stop during which the gun was found (*see* doc. 1 at 3–4). However, this court should abstain from interfering with it because a federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). *Younger* noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–45; *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (explaining the circumstances when *Younger* abstention is appropriate). From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392,

4

1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Here, the first criterion is met, as the plaintiff is involved in ongoing state criminal proceedings. As for the second criterion, the Supreme Court has stated that the "States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also addressed the third criterion in noting "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Here, the plaintiff has the opportunity to assert in state court that evidence should be suppressed or that his unlawful carry of a pistol charge should be dismissed based on an improper traffic stop. As such, the plaintiff has not made a showing of "extraordinary circumstances" justifying federal interference with the state proceedings. *See Robinson v. Thomas*, 855 F.3d 278, 286 (4th Cir. 2017) ("A federal court may disregard *Younger's* mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm."). Therefore, to the extent the plaintiff's complaint in this action could be construed as seeking to have one of his pending charges dismissed, this court should abstain from hearing this action.

**Failure to State a Claim**

As noted above, the court should abstain from interfering with the plaintiff's pending criminal proceedings in the Anderson County General Sessions Court under *Younger*. However, even aside from *Younger* abstention – as well as based on the claims asserted by the plaintiff that are not affected by *Younger* – the plaintiff's complaint is also subject to summary dismissal for failure to state a claim (other than his excessive force and unlawful search and seizure claims against Dep. Wagner).

5

### *Anderson County & State of South Carolina*

Defendants Anderson County and the State of South Carolina may not be sued pursuant to § 1983.[1]  It is well settled that only "persons" may act under color of law; thus, a defendant in a § 1983 action must qualify as a "person." *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001); *see also Farmer v. Brennan*, 511 U.S. 825, 839 (1994) (case law involving § 1983 claims is applicable in *Bivens* actions and vice versa).  Further, inanimate objects or groups of people, such as departments, buildings, facilities, and grounds cannot act under color of law.  *See also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a state nor its officials acting in their official capacities are 'persons' under § 1983.").  The above-listed defendants are not "persons"; thus, they are subject to summary dismissal.  *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-cv-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a building – the detention center – is not amenable to suit under § 1983).  As such, the plaintiff's claims against these defendants are subject to summary dismissal.

### *Bond Claim*

To the extent the plaintiff argues that his bond has been set too high (doc. 1 at 3), he seeks relief under the Eighth Amendment.  The Eighth Amendment, made applicable to the states through the Fourteenth Amendment, provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII; *see also Grimes v. Pszczolkowski*, C/A No. 1:14-cv-13, 2015 WL 144619, at *22 (N.D. W. Va. Jan. 12, 2015).  "However, the United States Constitution does not establish an absolute right to bail, nor does federal statutory law

---

[1] The plaintiff's claims against these defendants are also subject to dismissal based upon Eleventh Amendment Immunity. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978); *see also* S.C. Code Ann. § 15-78-20(e) (noting that the State of South Carolina has not consented to suit in federal court); *Quern v. Jordan*, 440 U.S. 332, 342–43 (1979) (holding that congress has not abrogated the state's sovereign immunity in § 1983 actions).

provide a right to bail in state criminal cases." *Odom v. Smalls*, C/A No. 3:09-cv-00629-PMD, 2009 WL 3805594, at *3 (D.S.C. Nov. 12, 2009). "The Eighth Amendment addresses pretrial release by providing merely that '[e]xcessive bail shall not be required.' This Clause, of course, says nothing about whether bail shall be available at all." *United States v. Salerno*, 481 U.S. 739, 752 (1987). Here, as outlined above, the plaintiff has a variety of pending charges. *See* Anderson County Public Index (enter the plaintiff's name and 2024A0410900005, 2024A0410900006, 2024A0410100245, 2024A0410200426, 2024A0420100003, 2024A0420100004, 2024A0420100051, 2024A0420100070, 9012P0632257) (last visited December 13, 2024). A review of publicly available dockets for the pending charges reveals that the plaintiff had a bond for each charge, ranging from $1,000 to $25,000 (with one personal recognizance bond), and he was able to post bond each time. *See* Anderson County Public Index (enter the plaintiff's name and 2024A0410900005, 2024A0410900006, 2024A0410100245, 2024A0410200426, 2024A0420100003, 2024A0420100004, 2024A0420100051, 2024A0420100070, 9012P0632257) (last visited December 13, 2024). Indeed, the plaintiff appears to be dissatisfied with the revocation of his bonds (not their amount) after he was arrested on new charges on June 13, 2024 (with the order revoking his bond entered July 31, 2024). *See* Anderson County Public Index (enter the plaintiff's name and 2024A0410900005, 2024A0410900006, 2024A0410100245, 2024A0410200426, 2024A0420100003, 2024A0420100004, 2024A0420100051, 2024A0420100070, 9012P0632257) (last visited December 13, 2024). Accordingly, the plaintiff's bond has not been set too high, instead it was revoked based on his arrest on June 13, 2024; thus, his bond claim is subject to dismissal. *See Odom*, 2009 WL 3805594, at *3.

### *Deliberate Indifference to Medical Needs Claim*

In passing, the plaintiff also alleges that he has not been provided medical treatment at the Detention Center (doc. 1 at 4). A pretrial detainee's claim of deliberate indifference to medical needs is properly brought pursuant to the Fourteenth Amendment. *See Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023). In *Short*, the Fourth Circuit noted that to state a medical indifference claim a pretrial detainee must allege: (1) he/she suffered from a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant "intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed"; (3) the defendant knew or should have known that the detainee had the condition and that the defendant's action/inaction posed an "unjustifiably high risk of harm"; and (4) the detainee was harmed as a result. *Id*. Here, the plaintiff's vague reference to being denied unspecified medical care by unnamed individuals who are not defendants in this action does not allege that he suffered a medical injury that posed a substantial risk of serious harm, and the plaintiff has not alleged how the defendants named in this action were responsible for alleged deficient medical care at the Detention Center (*see* doc. 1). As such, the plaintiff's passing reference to denied medical care at the Detention Center is also subject to summary dismissal.

## **RECOMMENDATION**

By order issued November 14, 2024, the undersigned gave the plaintiff an opportunity to correct the defects identified in his complaint and further warned the plaintiff that if he failed to file an amended complaint or failed to cure the identified deficiencies, the undersigned would recommend to the district court that his claims be dismissed *with prejudice* other than his excessive force and unlawful search and seizure claims against Dep. Wagner (doc. 22). The plaintiff has failed to file an amended complaint within the time provided. As such, his claims (other than his other than his excessive force and unlawful search and seizure claims against Dep. Wagner) should also be dismissed pursuant to

Federal Rule of Civil Procedure 41(b) for failure to comply with a court order. Therefore, the undersigned recommends that the district court dismiss the plaintiff's claims *with prejudice* (other than the plaintiff's excessive force and unlawful search and seizure claims against Dep. Wagner), without further leave to amend, and without issuance and service of process. *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). **The attention of the parties is directed to the important notice on the following page**.

       **IT IS SO RECOMMENDED**.

                                                  s/Kevin F. McDonald
                                                  United States Magistrate Judge

December 13, 2024
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Room 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).