IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Tommy Dwayne Brown, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> P. Wagner, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 8:24-cv-4076-BHH-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

The plaintiff, a pretrial detainee proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Section 1983 and submit findings and recommendations to the district court.

At the time of the filing of his complaint on July 22, 2024, the plaintiff was a pretrial detainee at the Anderson County Detention Center ("the Detention Center") (doc. 1). By order filed November 14, 2024, the plaintiff was informed that his complaint (other than his excessive force and unlawful search and seizure claims against defendant Wagner) was subject to summary dismissal because it failed to state a claim upon which relief may be granted and that he could attempt to cure the defects identified in his complaint by filing an amended complaint within fourteen days (doc. 22). The plaintiff was informed that if he failed to file an amended complaint or otherwise cure the deficiencies outlined in the order, the undersigned would recommend that his case be dismissed (other than the claims against defendant Wagner) (*id.* at 8–9). The plaintiff failed to file an amended complaint within the time provided; accordingly, on December 13, 2024, the

undersigned recommended that the plaintiff's claims be dismissed (other than his excessive force and unlawful search and seizure claims against defendant Wagner) (doc. 26). Service was authorized as to defendant Wagner only (doc. 24). The Honorable Bruce Howe Hendricks, United States District Judge, adopted that recommendation on January 9, 2025 (doc. 34).

On February 3, 2025, Judge Hendricks' order, which was mailed by the Clerk of Court to the plaintiff at the Detention Center, was returned marked "Return to Sender. Attempted - Not Known. Unable to Forward" (doc. 36). On March 21, 2025, the undersigned's order granting the defendant's motion for extension of time to file dispositive motions, which was also mailed to the plaintiff at the Detention Center, was also returned (doc. 41). In three separate orders, the undersigned has ordered the plaintiff to always keep the Clerk of Court advised in writing if his address changes for any reason, and he was specifically warned that his "failure to do so will not be excused by the Court" (docs. 5, 10, 16). Accordingly, on April 10, 2025, the undersigned issued an order giving the plaintiff through May 2, 2025, to show cause why this action should not be dismissed for failure to prosecute and for failure to comply with an order of this court under Federal Rule of Civil Procedure 41(b). The plaintiff was advised that if he failed to respond, this action will be subject to dismissal for failure to prosecute pursuant to Rule 41(b), and the dismissal will be considered an adjudication on the merits, i.e., *with prejudice*. On April 29, 2025, the order, which was also mailed by the Clerk of Court to the plaintiff at the Detention Center, was returned marked "Return to Sender. Not Deliverable as Addressed. Unable to Forward" (doc. 49). The plaintiff has not responded to the order to show cause.

A complaint may be dismissed pursuant to Rule 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

2

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). These four factors "are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *Id.* at 95–96 (citation omitted).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his own actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no response has been filed. Meanwhile, the defendant is left to wonder when the action will be resolved. The plaintiff has not responded to the court's order to show cause why this action should not be dismissed for failure to prosecute. Accordingly, the undersigned concludes the plaintiff has abandoned this lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b). The Clerk of Court shall immediately mail this report to the plaintiff. If the plaintiff notifies the court within the time set forth for filing objections to this report that he wishes to continue with this case and complies with the court's prior order, the Clerk of Court is directed to vacate this report and return this case to the undersigned for further handling. If, however, the plaintiff does not file objections, the Clerk of Court shall forward

this report to the district court for disposition. The defendant's deadline for dispositive motions, which is currently June 9, 2025, is stayed pending resolution of this report and recommendation.

        IT IS SO RECOMMENDED.

                              s/Kevin F. McDonald
                              United States Magistrate Judge

May 6, 2025
Greenville, South Carolina

*The attention of the parties is directed to the important notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).