IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tommy Dwayne Brown, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 8:24-cv-4076-BHH |
| v. ) | |
| ) | **ORDER** |
| P. Wagner, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Tommy Dwayne Brown's ("Plaintiff") pro se complaint filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On November 14, 2024, the Magistrate Judge issued an order informing Plaintiff that portions of his complaint were subject to dismissal. (ECF No. 22.) The Magistrate Judge explained that Plaintiff may be able to cure the deficiencies in his complaint and granted him time to file an amended complaint. Plaintiff failed to file an amended complaint within the time provided. Therefore, on December 13, 2024, the Magistrate Judge recommended that Plaintiff's claims (other than his excessive force and seizure claims against Defendant Wagner) be dismissed, and service was authorized against Defendant Wagner only. (ECF Nos. 24, 26.) The undersigned adopted the Magistrate Judge's recommendation on January 9, 2025. (ECF No. 34.)

On February 3, 2025, the undersigned's order was returned to the Court marked "unable to forward." (ECF No. 36.) Because Plaintiff was warned in three separate orders to keep the Court advised in writing of any change in his address, the Magistrate Judge

issued an order on April 10, 2025, giving Plaintiff through May 2, 2025, to show cause why this action should not be dismissed for failure to prosecute. (ECF No. 46.) The Magistrate Judge's order to show cause was also returned as undeliverable. (ECF No. 49.)

On May 6, 2025, the Magistrate Judge issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss Plaintiff's claims pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 50.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate

Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that it appears that Plaintiff no longer wishes to pursue this action. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 50), and the Court dismisses this action for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

May 28, 2025
Charleston, South Carolina